

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *(973) 645-2700*
*Newark, NJ 07102*

MP/PL AGR
2014R00029

August 25, 2015

Matthew Beck, Esq.
Chiesa, Shahinian, & Giantomasi, PC
One Boland Drive
West Orange, NJ 07052

      Re: <u>Plea Agreement with Warren Bronsnick</u> (Cr 15-500(MCA))

Dear Mr. Beck:

      This letter sets forth the plea agreement between your client, Warren Bronsnick, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on August 28, 2015 if it is not accepted in writing by that date.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Warren Bronsnick to a one-count Information that charges that Warren Bronsnick conspired with others to structure transactions to evade the filing of a currency transaction report, contrary to 31 U.S.C. § 5324, in violation of 18 U.S.C. § 371. If Warren Bronsnick enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Warren Bronsnick for laundering money in violation of 18 U.S.C. § 1956, engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957, structuring transactions to avoid the filing of a currency transaction report in violation of 31 U.S.C. § 5324, and failing to file 8300 reports in violation of 31 U.S.C. §§ 5322 and 5331, during the period from October 2012 to January 15, 2015 in connection with the operation of Excell Brands, Inc. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Warren Bronsnick agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the

date this agreement is signed by Warren Bronsnick may be commenced against him, notwithstanding the expiration of the limitations period after Warren Bronsnick signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 to which Warren Bronsnick agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Warren Bronsnick is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Warren Bronsnick ultimately will receive.

Further, in addition to imposing any other penalty on Warren Bronsnick, the sentencing judge: (1) will order Warren Bronsnick to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Warren Bronsnick to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 31 U.S.C. § 5317; and (4) pursuant to 18 U.S.C. § 3583, may require Warren Bronsnick to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Warren Bronsnick be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Warren Bronsnick may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Warren Bronsnick by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Warren Bronsnick's activities and relevant conduct with respect to this case.

Stipulations

This Office and Warren Bronsnick agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Warren Bronsnick from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Warren Bronsnick waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

   Warren Bronsnick agrees that as part of his acceptance of responsibility and pursuant to 31 U.S.C. § 5317(c), he will forfeit to the United States the property described below (the "Forfeitable Property").

   Warren Bronsnick will forfeit to the United States his interests, if any, in the following items: (a) the approximately $20,000 in United States currency that was seized from his residence on or about January 15, 2015; (b) the contents of Valley National Bank account 41651901 in the amount of $417,866.75; Bank of America account 381031654225 in the amount of $275,405.61, account 381004975216 in the amount of $207,104.88, and account 000101470415 in the amount of $22,447.57; Santander Bank account 0752319396 in the amount of 120,846.17, account 0752029150 in the amount of $17,565.96, and account 0751036013 in the amount of $8096.70; JP Morgan Chase account 862500825265 in the amount of $35,776.08 and account 862001782665 in the amount of $86,255.64; UBS account MQ09445 in the amount of $113,677.17, and account MQ1325 in the amount of $170,070; Hometown Bank account 91027593 in the amount of $127,771.58 and account 1001426 in the amount of $$85,892.55; Investors Bank account 2156100712 in the amount of $222,720 and account 2156100720 in the amount of $167,894; Wells Fargo Advisors account 13103741 in the amount $47,000 and account 27279986 in the amount $125,000; and Morgan Stanley account in the amount $490,000; totalling approximately $2,741,390, which were seized on or about January 20, 2015; and (c) the $550,000 that was withdrawn from Bank of America account 381031654224, transferred to the trust account of Calcagni and Kanefsky, and subsequently relinquished to the United States Marshals Service.

   Warren Bronsnick acknowledges that the Forfeitable Property is subject to forfeiture as property, real or personal, that was involved in a conspiracy to violate 31 U.S.C. § 5324, or that was traceable to such property.

   Warren Bronsnick agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and to withdraw any claim that he has or will file in any administrative or judicial forfeiture proceeding. Warren Bronsnick agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Warren Bronsnick understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this

pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, Warren Bronsnick waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Warren Bronsnick understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Warren Bronsnick understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Warren Bronsnick wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Warren Bronsnick understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Warren Bronsnick waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Warren Bronsnick. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Drug Enforcement Administration) or any third party from initiating or prosecuting any civil or administrative proceeding against Warren Bronsnick.

No provision of this agreement shall preclude Warren Bronsnick from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Warren Bronsnick received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Warren Bronsnick and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: MARION PERCELL
Assistant U.S. Attorney

APPROVED:

s/ *John Gay*

_____

JOHN GAY
Deputy Chief, Criminal Division

I have received this letter from my attorney, Matthew Beck, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and forfeiture. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date: August 25th 2015
Warren Bronsnick

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and forfeiture. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date: Aug. 25, 2015
Matthew Beck, Esq.

- 7 -

Plea Agreement With Warren Bronsnick

Schedule A

1. This Office and Warren Bronsnick recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Warren Bronsnick nevertheless agree to the stipulations set forth herein. This Office and Warren Bronsnick further agree that, with the exception set forth below, neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies in this case. The applicable guideline is § 2X1.1.

3. The substantive offense is a violation of 31 U.S.C. § 5324, and the applicable guideline for that offense is U.S.S.G. § 2S1.3. Pursuant to § 2X1.1(b)(2), the defendant or a coconspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense.

4. The guideline for the substantive offense carries a Base Offense Level of 18 because the value of the structured funds was greater than $250,000 but not greater than $550,000. U.S.S.G. § 2B1.1(b)(1)(G).

5. No specific offense characteristics apply.

6. As of the date of this letter, it is expected that Warren Bronsnick will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Warren Bronsnick's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3.

7. As of the date of this letter, it is expected that Warren Bronsnick will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Warren Bronsnick's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Warren Bronsnick enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Warren Bronsnick's acceptance of responsibility has continued through the date of sentencing and Warren Bronsnick therefore

qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Warren Bronsnick's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Warren Bronsnick is 15 ("the agreed total Guidelines offense level").

9. Warren Bronsnick reserves the right to seek a downward departure, adjustment, or variance based upon a serious medical condition; and, based upon the information currently available to the Office, Warren Bronsnick's medical condition is so serious and so extraordinary that a downward departure on that basis would be appropriate. The parties agree not to seek or argue for any other upward or downward departure, adjustment, or variance. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level would be reasonable but for Warren Bronsnick's medical condition.

10. Warren Bronsnick knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 15, except based upon a failure of the sentencing court to give adequate consideration to his medical condition in determining the sentence. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 15. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.